ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, James Waver, is the defendant in State v.Waver, Cuyahoga County Court of Common Pleas Case No. CR-351032. Waver argues that the judgment of conviction against him on two counts of rape and one count of felonious assault is void.
 {¶ 2} Waver contends that the grand jury considered evidence of the charges in Case No. CR-351032 as the basis for the court's finding of guilt on the sexually violent predator specifications and a sexual motivation specification in the felonious assault count. In support of this contention, Waver cites State v.Smith, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, in which the Supreme Court held in the syllabus:
"Conviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment."
Id. at 107. Waver argues, therefore, that the judgment in Case No. CR-351032 is void and that he is entitled to relief in mandamus compelling respondent judge to vacate his conviction. See State ex rel. Ballard v. O'Donnell (1990),50 Ohio St.3d 182, 553 N.E.2d 650.
 {¶ 3} Respondent has filed a motion to dismiss and argues that relief in mandamus is not appropriate.
The requisites for mandamus are well established: (1) therelator must have a clear legal right to the requested relief,(2) the respondent must have a clear legal duty to perform therequested relief and (3) there must be no adequate remedy at law.Additionally, although mandamus may be used to compel a court toexercise judgment or to discharge a function, it may not controljudicial discretion, even if that discretion is grossly abused.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute forappeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel.Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus,mandamus does not lie to correct errors and proceduralirregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994) CuyahogaApp. No. 67787. Furthermore, if the relator had an adequateremedy, regardless of whether it was used, relief in mandamus isprecluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997 Ohio 245, 676 N.E.2d 108 and State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County(1990), 56 Ohio St.3d 33, 564 N.E.2d 86."
 State ex rel. Smith v. Fuerst, Cuyahoga App. No. 86118,2005-Ohio-3829, at ¶ 4.
 {¶ 4} Although Waver wishes to characterize the holding inState v. Smith, supra, as indicating that the judgment of conviction was "void," the Supreme Court held that "the trial court erred in relying on the jury's convictions of the underlying rape and kidnaping charges to prove the sexually-violent-predator specification alleged in the same indictment." Id. at ¶ 33. (Emphasis added.) Appeal is, therefore, the remedy for asserting Waver's challenge. As a consequence, relief in mandamus is not appropriate.
 {¶ 5} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Blackmon, P.J., concurs.
 Rocco, J., concurs.