[Cite as *State v. Ingles*, 2011-Ohio-2901.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100297 |
| | | TRIAL NOS. B-9802147 |
| Plaintiff-Appellee, | : | B-9800321 |
| vs. | : | *D E C I S I O N.* |
| EARL INGLES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified

Date of Judgment Entry on Appeal:  June 17, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Earl Ingles*, pro se.

Please note:  we have removed this case from the accelerated calendar.

**SUNDERMANN, Judge.**

{¶1} Defendant-appellant Earl Ingles presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgments overruling his Civ.R. 60(B) motions for relief from his judgments of conviction. We do not reach the merits of this challenge because the common pleas court had no jurisdiction to entertain the motions.

{¶2} In 1998, following a joint trial on the charges contained in the indictments in the cases numbered B-9800321 and B-9802147, Ingles was convicted upon jury verdicts finding him guilty of five counts of kidnapping, two counts of gross sexual imposition, and a single count of attempted kidnapping. He unsuccessfully challenged his convictions in direct appeals to this court and to the Ohio Supreme Court[1] and, collaterally, in postconviction motions filed in 2005 in the common pleas court. In February 2009, Ingles again collaterally challenged his convictions, this time in Civ.R. 60(B) motions. The common pleas court overruled the motions, and this appeal followed.

{¶3} Ingles's 2009 motions sought relief from his convictions "pursuant to Civil Rule 60(B) and Criminal Rule 57." But Crim.R. 57(B) instructs a court to "look to the rules of civil procedure" only "if no rule of criminal procedure exists." Crim.R. 35 governs the proceedings upon a petition under R.C. 2953.21 et seq. for postconviction relief. And R.C. 2953.21 et seq. provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."[2] Therefore, the common pleas court should have recast

---

[1] See *State v. Ingles* (Dec. 3, 1999), 1st Dist. Nos. C-980673 and C-980674, leave to file delayed appeal denied, 99 Ohio St.3d 1539, 2003-Ohio-4671, 795 N.E.2d 679 .
[2] R.C. 2953.21(J).

Ingles's Civ.R. 60(B) motions as postconviction petitions and reviewed them under the standards provided by R.C. 2953.21 et seq.[3]

{¶4}   But Ingles filed his motions well after the expiration of the time prescribed by R.C. 2953.21(A)(2).  R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition:  the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶5}   Ingles did not demonstrate that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depended.  Nor did he predicate his postconviction claims upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired.  Because Ingles failed to satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23, the common pleas court had no jurisdiction to entertain Ingles's postconviction motions on their merits.

{¶6}   And because the common pleas court lacked jurisdiction to entertain the motions, the motions were subject to dismissal.  Accordingly, upon the authority

---

[3] See *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶12.

of App.R. 12(A)(1)(a), we modify the judgments appealed from to reflect a dismissal of the motions. And we affirm the judgments as modified.

Judgments affirmed as modified.

HENDON, J., concurs.
CUNNINGHAM, P.J., concurs in part and dissents in part.

CUNNINGHAM, P.J., concurring in part and dissenting in part.

{¶7}   I join the majority in affirming as modified the common pleas court's judgments dismissing Ingles's postconviction motions for lack of jurisdiction. But a trial court retains jurisdiction to correct a void judgment.[4] And the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321 are void because the trial court lacked the statutory authority to impose them. I would, therefore, vacate those sentences and remand for resentencing.

{¶8}   The kidnapping charges in counts one and three of the indictment in the case numbered B-9800321 each carried a sexual-motivation specification and a sexually-violent-predator specification. With respect to each offense, the jury found that Ingles had acted with a sexual motivation, and the trial court found that Ingles was a "sexually violent predator" for purposes of the sentencing-enhancement provisions of R.C. Chapter 2971. Thus, the trial court, pursuant to R.C. 2971.03(A)(3), enhanced Ingles's sentences for the sexually motivated kidnappings, imposing for each offense a prison term of nine years to life, instead of a definite prison term of up to ten years prescribed for first-degree-felony kidnapping.[5]

---

[4] See *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶18-19.
[5] See R.C. 2929.14(A)(1).

{¶9}    R.C. 2971.03, in relevant part, mandates an enhanced sentence upon a guilty verdict or plea on a kidnapping charge if the offender also "is convicted of or pleads guilty to both a sexual motivation specification and a sexually violent predator specification that were included in the * * * count in the indictment * * * charging that offense."[6]   In 1998, when Ingles was sentenced, R.C. 2971.01(H)(1) defined a "sexually violent predator" as "a person who *has been convicted of or pleaded guilty to committing*, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."[7]   In 2005, the General Assembly amended the statute to define a "sexually violent predator" as "a person who, on or after January 1, 1997, *commits* a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."[8]   The 2005 amendment was prompted by the Ohio Supreme Court's 2004 decision in *State v. Smith*.[9]

{¶10} In *Smith*, the supreme court held that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the * * * specification are charged in the same indictment."[10]   The court's holding in *Smith* derived from its reading of R.C. 2971.01(H)(1) to require that a sexually-violent-predator specification be supported by a sexually-violent-offense "conviction * * * that [had] existed prior to the * * * indictment" charging the specification.[11]

---

[6] R.C. 2971.03(A).
[7] Emphasis added.
[8] Emphasis added.
[9] 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283 .
[10] See id., syllabus.
[11] See id. at ¶27.

{¶11} In the proceedings below, the trial court enhanced Ingles's sentences for the sexually motivated kidnappings based upon its finding, in support of the accompanying sexually-violent-predator specifications, that Ingles was a "sexually violent predator." But the court's finding that Ingles was a "sexually violent predator" was based on the conduct underlying the sexually-violent-offense charges contained in the indictments in the cases numbered B-9800321 and B-9802147. Thus, the court's finding that Ingles was a "sexually violent predator" was not, as former R.C. 2971.01(H)(1) had required, based on a sexually-violent-offense "conviction * * * that [had] existed prior to the * * * indictment" in the case numbered B-9800321 charging the sexually-violent-predator specifications. Accordingly, R.C. Chapter 2971 did not confer upon the trial court the authority to enhance Ingles's sentences for the sexually motivated kidnappings.

{¶12} The Ohio Supreme Court has long recognized and has recently "reaffirmed [the] vital principle" that "[n]o court has the authority to impose a sentence that is contrary to law."[12] And it has "consistently" held that "a sentence that is not in accordance with statutorily mandated terms is void."[13] A void sentence "may be reviewed at any time, on direct appeal or by collateral attack."[14] Thus, irrespective of a case's procedural posture, when a trial court has imposed a sentence that it had no statutory authority to impose, and the matter has come to a court's attention, the sentence must be vacated, and the defendant must be resentenced.[15]

---

[12] *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶23 (citing *Colgrove v. Burns* [1964], 175 Ohio St. 437, 438, 195 N.E.2d 811 ).
[13] Id. at ¶8 (citing *Colgrove*, 175 Ohio St. 437, and its progeny).
[14] See id., paragraph one of the syllabus.
[15] See *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶12; accord *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶17-20; *State v. Long*, 1st Dist. No. C-100285, 2010-Ohio-6115, ¶5.

{¶13} R.C. Chapter 2971, as it provided in 1998 when Ingles was sentenced, did not confer upon the trial court the authority to enhance Ingles's sentences for kidnapping as charged in counts one and three of the indictment in the case numbered B-9800321. Therefore, those sentences are void.

{¶14} The Eighth Appellate District concluded to the contrary in addressing a *Smith* claim in its 2006 decision in *State v. Waver*.[16] Waver had petitioned the court of appeals for a writ of mandamus to compel the trial court to vacate his 1997 rape and felonious-assault convictions. The court of appeals denied the petition upon its determination that mandamus was not appropriate, and that only an "[a]ppeal [would provide] the remedy" for Waver's *Smith* claim.[17] In so holding, the court concluded that a successful *Smith* claim would not have rendered Waver's convictions void, because the supreme court in *Smith* had expressly held that "the trial court *erred* in relying on the jury's convictions of the underlying rape and kidnapping charges to prove the sexually-violent-predator specification alleged in the same indictment."[18]

{¶15} The *Waver* decision is not controlling on this appellate district. Nor is it persuasive. For the purpose of determining whether a *Smith* error renders a sentence void, we perceive no significance in the supreme court's use of the word "erred" in declaring its holding. The void-or-voidable issue was not before the supreme court in *Smith* because the case was before the court on direct appeal, requiring no more to "remedy" the sentencing error than to hold that "the trial court erred" and to order that Smith be resentenced. But a void-or-voidable inquiry is not

---

[16] 8th Dist. No. 87495, 2006-Ohio-1743.
[17] Id. at ¶4.
[18] *Smith*, 104 Ohio St.3d 106, at ¶33 (quoted and emphasis added in *Waver*, supra, at ¶4).

superfluous when, as here and in *Waver*, it is undertaken in a collateral proceeding. To the contrary, the determination in a collateral proceeding of whether a sentencing error rendered a sentence void effectively determines whether the court may "remedy" the error at all.[19]

{¶16} Because R.C. Chapter 2971, as it provided when Ingles was sentenced, did not confer upon the trial court the authority to enhance Ingles's sentences for kidnapping as charged in counts one and three of the indictment in the case numbered B-9800321, the sentences are void. I would, therefore, vacate those sentences and remand for resentencing.

{¶17} And because this disposition would conflict with the decision of the Eighth Appellate District in *Waver*, I would, upon the authority conferred by Section 3(B)(4), Article IV, Ohio Constitution, certify to the Ohio Supreme Court the following question: "Is a sentence imposed under former R.C. Chapter 2971 void, when the finding that the offender was a 'sexually violent predator' was not, as former R.C. 2971.01(H)(1) had required, based on a sexually-violent-offense conviction that had existed prior to the indictment charging the sexually-violent-predator specification."

Please Note:

The court has recorded its own entry on the date of the release of this decision.

---

[19] See *Fischer*, 128 Ohio St.3d at ¶40 (holding that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack").