[Cite as *State v. Grooms*, 2011-Ohio-6062.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     25819 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICK M. GROOMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 97 02 0437 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Patrick Grooms, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I

{¶2}    In 1997, a grand jury indicted Grooms on the following counts: (1) endangering children, in violation of R.C. 2919.22(B)(2); (2) felonious assault, in violation of R.C. 2903.11(A)(1); and (3) two counts of domestic violence, in violation of R.C. 2919.25(A).  The indictment indicated that both the child endangering and felonious assault counts were second-degree felonies.  A jury acquitted Grooms on the domestic violence charges, but found him guilty of endangering children and felonious assault.  The trial court sentenced Grooms to a total of sixteen years in prison, and this Court affirmed his convictions on direct appeal.  See *State v. Grooms* (Aug. 19, 1998), 9th Dist. No. 18558.

{¶3} In October 2010, Grooms filed two pro se motions for resentencing and/or dismissal due to a defective post-release control notification. Grooms also argued in his motions that the court committed plain error by convicting him of second-degree felony child endangering when the jury's verdict form did not contain either the degree of his offense level or any aggravating element, as required by R.C. 2945.75. The court held a hearing on February 3, 2011, by which point Grooms had obtained counsel. His counsel argued that Grooms' sentence was actually void because the original trial judge had failed to follow R.C. 2945.75. The trial court determined that its jurisdiction was limited to the issue of post-release control and that the doctrine of res judicata barred any argument Grooms raised under R.C. 2945.75. On February 10, 2011, the court issued a sentencing entry that properly imposed post-release control.

{¶4} Grooms now appeals from the court's sentencing entry and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED BY REFUSING TO RESENTENCE APPELLANT GROOMS BECAUSE HIS ORIGINAL SENTENCE FOR CHILD ENDANGERING WAS VOID AS CONTRARY TO OHIO LAW AND HIS RIGHT TO A JURY TRIAL UNDER THE UNITED STATES CONSTITUTION[.]"

Assignment of Error Number Two

"THE TRIAL COURT ERRED BY RESENTENCING APPELLANT GROOMS TO A TERM OF POST-RELEASE CONTROL WITHOUT FIRST CONSIDERING THE LEVEL OF FELONY OF WHICH HE WAS FOUND GUILTY, CONTRARY TO THE REQUIREMENTS OF R.C. 2945.75 AND CRIM[.]R. 32(C)."

{¶5}     In his assignments of error, Grooms argues that the trial court erred by refusing to treat his original sentence as void due to the fact that it violated R.C. 2945.75.  He further argues that the court was obligated to verify the proper level of his felony offenses by examining the jury verdict forms before imposing post-release control.

{¶6}     In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court held that a defective post-release control notification results in a partially void sentence in that only the post-release control portion of the sentence is void.  *Fischer* at ¶26.  Because the remainder of a defendant's sentence is not void as a result of any post-release control defect, a trial court's jurisdiction in resentencing a defendant is limited.  *State v. West*, 9th Dist. No. 25748, 2011-Ohio-4941, at ¶4-5.  The trial court must conduct a new sentencing hearing, but the hearing must be "limited to [the] proper imposition of post[-]release control."  *Fischer* at paragraph two of the syllabus.  "[A]ny additional action taken by the trial court with respect to the sentence is a nullity."  *State v. Stiggers*, 9th Dist. No. 25486, 2011-Ohio-4225, at ¶6.  Moreover, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."  *Fischer* at paragraph three of the syllabus.  An appeal from the resentencing will be "limited to issues arising at the resentencing hearing."  Id. at paragraph four of the syllabus.

{¶7}     Grooms acknowledges that under *Fischer* the post-release control defect in his sentence did not void the entirety of his sentence.  He argues, however, that there is another defect in his sentence that results in more than just the post-release control portion of his sentence being void.  He relies upon R.C. 2945.75 in support of his argument.  That statute provides, in part, as follows:

>      "When the presence of one or more additional elements makes an offense one of
> more serious degree *** [a] guilty verdict shall state either the degree of the

offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2).

The Supreme Court has held that R.C. 2945.75(A)(2) is an express statutory requirement and must be applied as written. *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at ¶11-14.

{¶8} Grooms was charged and convicted of second-degree felony child endangering, which required proof of serious physical harm to the child involved. See Former R.C. 2919.22(E)(2)(d). Grooms argues that the jury verdict form for his child endangering count did not contain either the degree of the offense or any aggravating element, so he only could have been convicted of a third-degree felony. See R.C. 2954.75(A)(2) (requiring an offender to be convicted of the least possible degree of the charged offense in the instance of a defective jury verdict form); Former R.C. 2919.22(E)(3) (categorizing child endangering in violation of Former R.C. 2919.22(B)(2) as a third-degree felony in the absence of serious physical harm to the child). Nonetheless, the court convicted Grooms of second-degree felony child endangering. In doing so, Grooms argues, the court violated R.C. 2945.75 and sentenced him to a greater maximum prison term than he could have received for a first-degree misdemeanor. Grooms relies upon *State v. Beasley* (1984), 14 Ohio St.3d 74, in support of his argument that the court's error resulted in a void sentence.

{¶9} In *Beasley*, the Supreme Court held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Beasley*, 14 Ohio St.3d at 75. In so holding, the Court concluded that the trial court had no authority to deviate from the sentencing statute and impose a fine upon Beasley rather than the statutorily required minimum sentence. Id. Because the trial court circumvented an express

statutory sentencing requirement, the Supreme Court concluded that Beasley's sentence was void and jeopardy could not attach to it. Id.

{¶10} The Supreme Court has never overruled *Beasley* and acknowledged the opinion in *Fischer* when discussing the evolution of the void sentence doctrine in Ohio. *Fischer* at ¶8. *Fischer* reaffirmed the principal set forth in *Beasley* that "[n]o court has the authority to impose a sentence that is contrary to law." Id. at ¶23. It also rejected the notion that res judicata could apply to sentences that do not comply with statutory mandates, "as those sentences are illegal and subject to collateral attack or direct appeal by any party." Id. at ¶35. Even so, the Supreme Court cautioned that a void sentence would not entitle a defendant to greater relief than the sentencing error warranted. Specifically, the court held that a motion to correct a void sentence "does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing." Id. at ¶25. That construction is in accordance with *Beasley's* mandate that courts cannot "disregard statutory requirements *when imposing a sentence*." (Emphasis added.) *Beasley*, 14 Ohio St.3d at 75.

{¶11} R.C. 2945.75 is not a sentencing statute. Chapter 2945 of the Revised Code governs trials, not penalties, sentences, or other sanctions. See R.C. 2945, et seq. Compare R.C. 2929, et seq. (governing penalties and sentencing); R.C. 2967, et seq. (governing other sanctions such as post-release control). And while an error under R.C. 2945.75(A)(2) ultimately will impact an offender's sentence, the nature of the error is such that it gives rise to a defective verdict, not a void sentence. The logical extension of any number of errors is that they ultimately could impact the sentence imposed. The focal point of the analysis must be whether the trial court disregarded an express statutory requirement in imposing the sentence. *Fischer* at ¶23; *Beasley*, 14 Ohio St.3d at 75. R.C. 2945.75(A)(2) only speaks to the information that a

guilty verdict must contain.  See *Pelfrey* at ¶12 (noting the content that R.C. 2945.75 requires "in order to find a defendant guilty" of an offense of a higher degree).  It does not impose any statutory sentencing duty upon a court or set out a requirement that a court must follow "when imposing a sentence."  *Beasley*, 14 Ohio St.3d at 75.  Compare R.C. 2929.14(A) (setting forth felony prison terms and providing that, for felonies, a court "shall impose a definite prison term that shall be" for a designated duration, depending on the felony level); R.C. 2967.28(B)-(C) (mandating that a trial court impose post-release control in sentencing for designated offenses). Thus, we must conclude that an error arising from a failure to apply R.C. 2945.75 does not give rise to a void sentence.

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

Even when a portion of a sentence is void due to a post-release control error, the doctrine of res judicata still applies to other aspects of the conviction and prevents a defendant from arguing issues that could have been raised on appeal.  *Fischer* at paragraph three of the syllabus; *Perry*, 10 Ohio St.2d at paragraph nine of the syllabus.  The error that Grooms raises is one that was cognizable on direct appeal.  The verdict form here was a part of the record and any defect in the same was a matter that could have been litigated in *State v. Grooms*, supra.  See *State v. Evans*, 9th Dist. No. 10CA0027, 2011-Ohio-1449, at ¶7-10; *State v. Martin*, 9th Dist. No. 25534, 2011-Ohio-1781, at ¶5-7 (both applying res judicata to an error arising under R.C. 2945.75 where the defendants previously had their convictions affirmed on appeal).  Because the error did not result

in a void sentence, the doctrine of res judicata applies. Thus, the trial court did not err by concluding that it lacked jurisdiction to consider Grooms' argument under R.C. 2945.75.

{¶12} Grooms asserts that even if his sentence was not void because the court failed to apply R.C. 2945.75 in imposing his original sentence, the issue was nonetheless properly before the trial court at the time of resentencing. He argues that the resentencing court was obligated to independently verify the degree of the offenses for which the jury convicted him because the nature of an offender's post-release control obligation depends upon the level of the offense at issue. In reexamining his verdict forms, Grooms argues, the trial court then would have been obligated to reduce the felony level of his child endangering conviction. Yet, that argument overlooks the fact that this Court had affirmed Grooms' conviction on direct appeal and our doing so acted as law of the case on the trial court. See *Fischer* at paragraph three of the syllabus; *State v. Ortega*, 9th Dist. No. 08CA009316, 2008-Ohio-6053, at ¶6-7. The trial court here acted correctly by affording Grooms a new sentencing hearing "limited to [the] proper imposition of post[-]release control." *Fischer* at paragraph two of the syllabus. Grooms' first and second assignments of error are overruled.

## III

{¶13} Grooms' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P. J.
CONCURS, SAYING:

{¶14} I concur. Mr. Grooms has not properly raised a challenge to the alleged R.C. 2945.75 error. See *State v. Evans*, 9th Dist. No. 10CA0027, 2011-Ohio-1449, at ¶12 (Belfance, P.J. concurring in judgment only); *State v. Martin*, 9th Dist. No. 25534, 2011-Ohio-1781, at ¶9 (Belfance, P.J. concurring in judgment only).

APPEARANCES:

J. DEAN CARRO, Appellate Review Office, School of Law, The University of Akron, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD KASAY, Assistant Prosecuting Attorney, for Appellee.