[Cite as *State v. Thompson*, 2011-Ohio-6616.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 09CA3129 |
| | : | 09CA3131 |
| vs. | : | **Released: December 5, 2011** |
| | : | |
| IVAN W. THOMPSON, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Benjamin J. Partee, Miller, Dorman, & Partee, LLC, Chillicothe, Ohio, for Defendant-Appellant.

Michael M. Ater, Ross County Prosecutor, and Jeffrey C. Marks, Ross County Assistant Prosecutor, Chillicothe, Ohio, for Plaintiff-Appellee.

_____

McFarland, J:

{¶1} Appellant Ivan Thompson appeals the decision of the Ross County Court of Common Pleas finding him guilty on one count of burglary. Thompson argues the trial court erred in convicting and sentencing him for second-degree burglary under *State v. Pelfrey*. Having reviewed the record of this case, we find res judicata bars Thompson from litigating this issue after failing to raise it in a previous direct appeal. Accordingly, we decline to address the merits of Thompson's sole assignment of error and affirm the trial court's judgment.

## I. Procedural History

{¶2} Thompson was indicted for burglary under R.C 2911.12.  In April 2008, a jury found him guilty.  The trial court imposed a four-year prison term and journalized its sentencing entry on May 20, 2008.  Following sentencing, Thompson filed a series of motions challenging his conviction.  Thompson also filed a direct appeal (on separate grounds from the current appeal), and we affirmed the trial court's judgment.[1]

{¶3} Subsequently, on September 1, 2009, Thompson filed a pro se "Motion for Appropriate Relief-Reconsideration."  In its response, the State conceded that under *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the trial court's original judgment of conviction was defective: it did not contain both the sentence and the manner of conviction in the same document, as required by *Baker*.  As a result, on October 20, 2009, the court filed a nunc pro tunc entry that held its May 20, 2008 judgment of conviction was void, again imposed a four-year prison sentence upon Thompson for burglary, and included the manner of his conviction.  Consequently, the trial court overruled Thompson's motion for appropriate relief and reconsideration.  Thompson now appeals the trial court's October 20, 2009 nunc pro tunc entry.

---

[1] *State v. Thompson*, 4th Dist. No. 08CA3032, 2009-Ohio-1115 ("*Thompson I*").

## II. Assignment of Error

APPELLANT'S CONVICTION FOR BURGLARY, AS A SECOND
DEGREE FELONY, IS INVALID UNDER *STATE V. PELFREY*.

## III. Legal Analysis

**{¶4}** In his sole assignment of error, Thompson claims his burglary conviction and four-year sentence is invalid under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. We decline to address the merits of this assignment of error, however, because res judicata bars Thompson from arguing it; we overrule Thompson's sole assignment of error.

**{¶5}** "'Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action.'" *State v. Paulsen*, 4th Dist. Nos. 09CA15, 09CA16, 2010-Ohio-806, at ¶ 14, quoting *Lasko v. G.M.C.,* 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 16. "'This doctrine has been held to apply to appellate proceedings in both criminal and civil cases.'" Id., quoting *In re Kangas,* 11th Dist. No.2006-A-0084, 2007-Ohio-1921, at ¶ 71, citing *State v. Beckwith* (Mar. 2, 2001), 8th Dist. No. 75927. Additionally, "a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is

not a new final order from which a new appeal may be taken." *State v.*

*Lester,* Slip Opinion No. 2011-Ohio-5204, at ¶ 20.

{¶6} Here, Thompson has already filed one direct appeal in *Thompson*

*I*. Thompson could have raised the instant assignment of error in *Thompson*

*I*, thus res judicata bars him from raising the issue now. Moreover, the trial

court's nunc pro tunc entry was not a new final appealable order from which

a new right of appeal arose. Accordingly, we decline to address the merits

of Thompson's sole assignment of error and affirm the trial court's

judgment.

**JUDGMENT AFFIRMED.**

Harsha, P.J., concurring:

{¶7} In this proceeding the only authority the trial court had, and in

turn we possess, is limited to an application and review of Crim.R. 32(C)

requirements. In other words, we cannot review any purported *Pelfrey*

deficiency in the jury's verdict but must limit our scrutiny to the trial court's

compliance with the criminal rule dealing with the contents of a proper

criminal judgment of conviction. See *State v. Triplett*, Lucas App. No. L-

10-1158, 2011-Ohio-1713.

{¶8} As the principal opinion notes, a nunc pro tunc judgment entry

issued for the sole purpose of complying with Crim.R. 32(C) is not a new

final order from which a new appeal may be taken. *State v. Lester*, 2011-Ohio-5204, at paragraph two of the syllabus (Slip Opinion). Likewise, a judgment that states the fact of conviction but omits the manner of conviction is a final order subject to appeal under R.C. 2505.02. Id. at paragraph one of the syllabus.

{¶9} Here, the trial court's original sentencing entry of May 20, 2008, included the fact of conviction but omitted its manner. The Nunc Pro Tunc Entry of October 20, 2009, simply cured that defect. Thus, res judicata and law of the case preclude our review of the *Pelfrey* issue.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. : Concurs with Concurring Opinion.
Kline, J.:   Concurs in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**