[Cite as *State v. O'Neal*, 2011-Ohio-6888.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. CT11-0034 |
| | : | |
| | : | |
| KEITH M. O'NEAL, SR. | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Muskingum
                                                        County Court of Common Pleas Case
                                                        No. CR2008-0090

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT ENTRY:        December 29, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

D. MICHAEL HADDOX                        KEITH M. O'NEAL, SR.
Prosecuting Attorney                          Inmate #585-475
Muskingum County, Ohio                     Ross Correctional Institution
                                                        P.O. Box 7010
BY: RON WELCH                                Chillicothe, Ohio  45601-7010
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
Zanesville, Ohio  43701

*Edwards, J.*

{¶1}   Defendant-appellant, Keith O'Neal, Sr., appeals from the July 27, 2011, Journal Entry of the Muskingum County Court of Common Pleas denying his Motion to Correct Invalid Sentence and his Motion to Vacate Conviction and Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On April 3, 2008, the Muskingum County Grand Jury indicted appellant on one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and one count of theft of a credit card in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. At his arraignment on April 9, 2008, appellant entered a plea of not guilty to the charges.

{¶3}   Subsequently, a jury trial commenced on June 3, 2008. After hearing all of the evidence, the jury, on June 3, 2008, convicted appellant of all counts. As memorialized in an Entry filed on July 14, 2008, appellant was sentenced to an aggregate prison term of twelve years.

{¶4}   Pursuant to an Opinion filed on September 29, 2009 in *State v. O'Neal,* 5th Dist. No. 08-CA-42, 2009-Ohio-5290, this Court affirmed the judgment of the trial court.

{¶5}   Thereafter, on March 12, 2010, appellant filed a Motion for De Novo Sentencing Hearing. Appellant, in his motion, argued that his sentence was void because the trial court had failed to advise him of the consequences for violating post-

release control. Pursuant to a Journal Entry filed on March 17, 2010, the trial court denied appellant's motion. Appellant then appealed.[1]

{¶6} On June 4, 2010, appellant filed a Motion to Vacate Judgment and Sentence. Appellant, in his motion, argued that the verdict forms in his case did not comply with R.C. 2945.75(A)(2) because they did not contain the degree of the offenses or state that such additional element or elements were present. Appellant maintained that he was entitled to be resentenced to the least degree of the offense charged. As memorialized in a Journal Entry filed on June 10, 2010, such motion was denied.

{¶7} Thereafter, on June 25, 2010, appellant filed a Motion to Correct Invalid Sentence. Appellant, in such motion, argued that the verdict forms in his case did not comply with R.C. 2945.75(A)(1) and that, therefore, he was entitled to be "resentenced to the least degree of the offense charged in accordance with R.C. 2945.75(A)(2),…"

{¶8} On October 4, 2010, appellant filed a Motion to Vacate Conviction and Sentence, arguing again that his verdict forms did not comply with R.C. 2945.75. Pursuant to a Journal Entry filed on July 27, 2011, the trial court denied both appellant's June 25, 2010 Motion to Correct Invalid Sentence and his October 4, 2010 Motion to Vacate Conviction and Sentence.

{¶9} Appellant now raises the following assignments of error on appeal:

{¶10} "I. APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

---

[1] Pursuant to an Opinion filed on December 15, 2010, in *State v. O'Neal,* 5th Dist. No. CT2010-0015, 2010-Ohio-6231, this Court affirmed the judgment of the trial court.

CONSTITUTION BASED ON THE FACT THAT THE JURY'S VERDICT FORM'S (SIC) ARE INSUFFICIENT TO SUPPORT THE CONVICTION.

{¶11} "II. APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN THE FORM OF THE TRIAL COURT SENTENCING THE DEFENDANT FOR OFFENSE WITH WHICH HE WAS NOT CONVICTED OF BY A JURY."

I, II

{¶12} Appellant, in his two assignments of error, argues that the verdict forms in his case were defective because they did not state the level of the offense of which he was convicted or that such additional element or elements were present as required by R.C. 2945.75(A). Appellant maintains, that, for such reason, he is entitled to be resentenced to the least degree of the offenses charged in accordance with R.C. 2945.75(A)(2).

{¶13} R.C. 2945.75 states, in relevant part, as follows: "(A) When the presence of one or more additional elements makes an offense one of more serious degree:…"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶14} As recently held by this Court in *State v. Miller*, 5th Dist. No. 2011-CA-00074, 2011-Ohio-3039:  "The Supreme Court of Ohio has interpreted this statute to provide the requirements for what must be included in a jury verdict form. *State v.*

*Pelfrey,* 112 Ohio St.3d 422, 860 N.E .2d 735, 2007–Ohio–256 at ¶ 14. The *Pelfrey* Court held that 'pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.' *Id.* See also, *State v. Nethers,* Licking App. No. 07 CA 78, 2008–Ohio–2679 at ¶ 51.

{¶15} "In *Pelfrey,* the jury found him guilty, and he was sentenced on the third-degree felony conviction to serve four years in prison. The Second District Court of Appeals affirmed Pelfrey's conviction, rejecting a manifest-weight-of-the-evidence argument. *State v. Pelfrey,* Montgomery App. No. 19955, 2004–Ohio–3401. The court of appeals subsequently granted Pelfrey's application to reopen the appeal under App.R. 26(B). Pelfrey argued that the trial court had erred in entering a conviction of a third-degree felony because the verdict form and the trial court's subsequent verdict entry were inadequate to support a conviction of tampering with government records. Instead, Pelfrey argued that he could have been convicted only of the misdemeanor offense of tampering with records. See R.C. 2913.42(B)(2).

{¶16} "The Second District Court of Appeals agreed with Pelfrey's argument and stated, " 'Pelfrey's failure to raise this defect *at trial* did not waive it, and the fact that the indictment and jury instructions addressed the government-records issue did not cure the non-compliance with R.C. 2945.75(A)(2).' " *State v. Pelfrey,* Montgomery App. No. 19955, 2005–Ohio–5006, 2005 WL 2327123, ¶ 23, quoting *State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964, ¶ 23.(Emphasis added). The court of appeals held that 'the trial court was required to enter a conviction for first-degree

misdemeanor tampering with records, which is the least degree of the offense under R.C. § 2913.42.' *Id.* The Ohio Supreme Court in *Pelfrey* agreed that he did not waive the error by failing to raise it in the *trial* court. 112 Ohio St.3d 425–426, 860 N.E.2d at 735, 2007–Ohio–256 at ¶ 14. (Emphasis added).

**{¶17}** "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on any appeal from that judgment.' *State v. Svefcyk* (1996), 77 Ohio St.3d 93, syllabus.

**{¶18}** "In the present case, appellant did not seek to present his arguments as a timely direct appeal; rather he filed a motion to correct a void sentence subsequent to the time when he could have raised the issue in a direct appeal. We find no reason to override the general rule in Ohio that a trial court has no authority to reconsider a valid final judgment in a criminal case. *State v. Brown,* 5th District No. 09–CA–137, 2010-Ohio–2757 at ¶ 19, citing *State v. Moore,* 4th Dist. No. 03CA18, 2004–Ohio–3977.

**{¶19}** "As this Court has previously noted, *Pelfrey* applies only in a procedural posture of a direct appeal. *State v. Branco,* Stark App. No. 2010–CA–00098, 2010–Ohio–3856 at ¶ 14; *State v. Brown,* Richland App. No. 09–CA–137, 2010–Ohio–2757 at ¶ 17. In the case at bar appellant could have, but did not, raise this issue in *Miller 1* or even in *Miller 2,* supra. Appellant had the opportunity to raise this issue on direct appeal, but, unlike the defendant in *Pelfrey,* he failed to do so. The doctrine of res judicata bars appellant from raising this issue anew via a motion to vacate a sentence.

*State v. Foy,* Stark App. No. 2009–CA–00239, 2010–Ohio–2445 at ¶ 8." Id at paragraphs 17-22.

{¶20} Because, in the case sub judice, appellant could have raised his claims on direct appeal and did not do so, we find that the doctrine of res judicata is applicable and that the trial court did not err in denying appellant's motions.

{¶21} Appellant's two assignments of error are, therefore, overruled.

{¶22} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1031

[Cite as *State v. O'Neal*, 2011-Ohio-6888.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH M. O'NEAL, SR. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT11-0034 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES