[Cite as *State v. Ingles*, 2013-Ohio-1460.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120238 |
| | | TRIAL NOS. B-9802147 |
| Plaintiff-Appellee, | : | B-9800321 |
| vs. | : | *O P I N I O N.* |
| EARL INGLES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified

Date of Judgment Entry on Appeal:  April 12, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Earl Ingles*, pro se.


Please note:  we have removed this case from the accelerated calendar.

**HENDON, Presiding Judge.**

{¶1}   Defendant-appellant Earl Ingles appeals from the Hamilton County Common Pleas Court's judgments overruling his "Motion[s] to Correct an Illegal Sentence." We affirm the court's judgments as modified.

{¶2}   In 1998, following a joint trial on the charges contained in the indictments in the cases numbered B-9800321 and B-9802147, Ingles was convicted upon jury verdicts finding him guilty of five counts of kidnapping, two counts of gross sexual imposition, and a single count of attempted kidnapping.   His convictions were affirmed in direct appeals to this court and to the Ohio Supreme Court. *State v. Ingles*, 1st Dist. Nos. C-980673 and C-980674 (Dec. 3, 1999), *appeal not accepted*, 99 Ohio St.3d 1539, 2003-Ohio-4671, 795 N.E.2d 679.   He also unsuccessfully challenged his convictions in postconviction motions filed in 2005, 2009, 2011, and 2012. *See State v. Ingles*, 1st Dist. No. C-100297, 2011-Ohio-2901, *appeal not accepted*, 130 Ohio St.3d 1418, 2011-Ohio-5605, 956 N.E.2d 309; *State v. Ingles*, 1st Dist. No. C-120052 (Dec. 7, 2012).

{¶3}   In his 2012 "Motion[s] to Correct an Illegal Sentence," Ingles sought "correction" of the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321.  Citing *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, he argued that the sentence-enhancement provisions of R.C. Chapter 2971 in effect in 1998, when he was sentenced, had not conferred upon the trial court the authority to enhance his sentences, because the court's finding on the specification that he was a "sexually violent predator" was not, as statutorily required, based on a sexually-violent-offense conviction that preexisted the indictment charging the sexually-violent-predator

2

specification, but was instead based on the conduct underlying the sexually-violent-offense charges contained in the jointly-tried indictments in the cases numbered B-9800321 and B-9802147.

{¶4}    In this appeal from the overruling of his 2012 motions, Ingles presents two assignments of error.  In his first assignment of error, he challenges the common pleas court's denial of the relief sought in his motions.  In his second assignment of error, he contends that the common pleas court erred in not "correct[ing]" his kidnapping convictions to reflect guilty verdicts and sentences for the least degree of the offenses, because the verdict forms did not, as required by R.C. 2945.75(A), state the degree of the offenses.

{¶5}    We rejected these challenges in our 2012 decision affirming the denial of Ingles's 2011 postconviction petition.  We held that the common pleas court had properly denied resentencing based on the claimed sentence-enhancement errors, because R.C. 2953.21 et seq. had not conferred upon the court jurisdiction to entertain the claim, and because the law of the case in our 2011 decision affirming the dismissal of Ingles's 2009 postconviction motion was that the claimed errors did not render the sentences void.  *Ingles*, 1st Dist. No. C-120052, *citing Ingles*, 1st Dist. No. C-100297, 2011-Ohio-2901.  We also held that Ingles's verdict-form challenge was not reviewable in the appeal because Ingles had failed to present the challenge as a ground for relief in his postconviction petition, and because the alleged verdict-form defects, even if demonstrated, would not have rendered his kidnapping convictions void.

{¶6}    Under the doctrine of the "law of the case," a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all

subsequent proceedings in the case at both the trial and reviewing levels." Thus, an inferior court confronted with substantially the same facts and issues involved in a prior appeal is bound by the superior court's determination of those issues. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *Perez v. Cleveland*, 1st Dist. No. C-940553, 1995 Ohio App. LEXIS 5436 (Dec. 13, 1995).

{¶7} As before, Ingles presented his sentence-enhancement challenge in his 2012 motions. And, as before, he presents his verdict-form challenge for the first time here, on appeal from the overruling of those motions, thus precluding review of this challenge in his appeal from the common pleas court's judgment overruling his motions. *See State v. Gipson*, 1st Dist. Nos. C-960867 and C-960881, 1997 Ohio App. LEXIS 4404 (Sept. 26, 1997).

{¶8} Because the common pleas court was confronted with substantially the same facts and issues involved in Ingles's previous appeals, the court was bound by the law of our decisions in those appeals. Thus, Ingles's postconviction motions were reviewable under the standards provided by R.C. 2953.21 et seq. But R.C. 2953.21 et seq. did not confer upon the common pleas court jurisdiction to entertain Ingles's sentence-enhancement challenge, because the motion did not satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23. Ingles's verdict-form challenge was not reviewable on appeal when it had not been advanced in his postconviction motions. And while a court has jurisdiction to correct a void sentence, the claimed errors, even if demonstrated, would not have rendered Ingles's sentences void.

{¶9} Because the common pleas court had no jurisdiction to correct Ingles's sentences, we overrule the assignments of error. Moreover, because the court had no

jurisdiction to entertain the sentence-enhancement challenge advanced in Ingles's motions, the motions were subject to dismissal. *See* R.C. 2953.21(C) and 2953.23(A). Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgments appealed from to reflect a dismissal of the motions, and we affirm the judgments as modified.

Judgments affirmed as modified.

HILDEBRANDT, J., concurs.

CUNNINGHAM, J., concurs in part and dissents in part.

CUNNINGHAM, J., concurring in part and dissenting in part.

{¶10} I join the majority in affirming as modified the common pleas court's judgments dismissing Ingles's 2012 motions. But I respectfully dissent from its holding that Ingles's kidnapping sentences were not subject to correction on the ground that they are void.

{¶11} For the reasons set forth in my dissenting opinion in *Ingles*, 1st Dist. No. C-100297, 2011-Ohio-2901, I would hold that the sentences imposed for the kidnapping offenses charged in counts one and three of the indictment in the case numbered B-9800321 are void, because the sentence-enhancement provisions of R.C. Chapter 2971 in effect in 1998, when Ingles was sentenced, did not confer upon the trial court the authority to enhance those sentences. On that basis, I would vacate those sentences and remand for resentencing.

{¶12} And because this disposition would conflict with the decisions of the Tenth Appellate District in *State v. Draughon*, 10th Dist. Nos. 11AP-703 and 11AP-995, 2012-Ohio-1917, ¶ 24, and the Eighth Appellate District in *State ex rel. Waver v. Gallagher*, 8th Dist. No. 87495, 2006-Ohio-1743, ¶ 4, I would, upon the authority

conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Is a sentence imposed under former R.C. Chapter 2971 void, when the finding that the offender was a 'sexually violent predator' was not, as former R.C. 2971.01(H)(1) had required, based on a sexually-violent-offense conviction that had existed prior to the indictment charging the sexually-violent-predator specification."

{¶13} Also, on the authority of *Colgrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), and its progeny, I would hold that Ingles's kidnapping sentences were void and thus subject to correction on the ground that R.C. 2945.75(A) authorized only sentences for the least degree of the offenses, when the verdict forms did not state the degree of the offenses. On that basis, I would vacate those sentences and remand for resentencing.

{¶14} This disposition would conflict with the decisions of other appellate districts. *See, e.g., State v. Henson*, 6th Dist. No. E-11-068, 2012-Ohio-3730, ¶ 18; *State v. Love*, 11th Dist. No. 2011-L-159, 2012-Ohio-3029, ¶ 17-21; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 7; *State v. Grooms*, 9th Dist. No. 25819, 2011-Ohio-6062, ¶ 11; *State v. Hines*, 193 Ohio App.3d 660, 2011-Ohio-3125, 953 N.E.2d 387, ¶ 16 (3d Dist.); *see also State v. Bell*, 2d Dist. No. 24783, 2012-Ohio-3491, ¶ 7; *State v. O'Neal*, 5th Dist. No. CT11-0034, 2011-Ohio-6888, ¶ 20; *State v. Thompson*, 4th Dist. Nos. 09CA3129 and 09CA3131, 2011-Ohio-6616, ¶ 4; *State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818, ¶ 19 (holding that res judicata barred a collateral challenge to an R.C. 2945.75 verdict-form defect). Therefore, I would certify to the supreme court the following question: "When the verdict form does not, as required by R.C. 2945.75, state the degree of the offense of which the

offender was found guilty, is the sentence imposed for the offense void if it is greater than that authorized for the least degree of the offense."

Please note:

The court has recorded its own entry on the date of the release of this opinion.