[Cite as *State v. Ingels*, 2014-Ohio-363.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130311 |
| | | TRIAL NOS. B-9802147 |
| Plaintiff-Appellee, | : | B-9800321 |
| vs. | : | *O P I N I O N.* |
| EARL INGELS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  February 5, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Earl Ingles*, pro se.



Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Earl Ingles appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. for postconviction relief. We affirm the court's judgment as modified, but remand for the proper imposition of postrelease control.

{¶2} Ingles was convicted in 1998 of five counts of kidnapping, two counts of gross sexual imposition, and a single count of attempted kidnapping. His convictions were affirmed in direct appeals to this court and to the Ohio Supreme Court. *State v. Ingles*, 1st Dist. Hamilton Nos. C-980673 and C-980674 (Dec. 3, 1999), *appeal not accepted*, 99 Ohio St.3d 1539, 2003-Ohio-4671, 795 N.E.2d 679. He also unsuccessfully challenged his convictions in postconviction motions filed in 2005, 2009, 2011, 2012, and 2013. *See State v. Ingles*, 1st Dist. Hamilton No. C-120238, 2013-Ohio-1460, *appeal not accepted*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 510; *State v. Ingles*, 1st Dist. Hamilton No. C-120052 (Dec. 7, 2012), *appeal not accepted*, 134 Ohio St.3d 1509, 2013-Ohio-1123, 984 N.E.2d 1102; *State v. Ingles*, 1st Dist. Hamilton No. C-100297, 2011-Ohio-2901, *appeal not accepted*, 130 Ohio St.3d 1418, 2011-Ohio-5605, 956 N.E.2d 309.

{¶3} *No jurisdiction to entertain postconviction petition.* In this appeal, Ingles advances four assignments of error that, distilled to their essence, challenge the denial of his 2013 postconviction petition. We address together and overrule the assignments of error, because the common pleas court had no jurisdiction to entertain the petition.

{¶4} Ingles filed his motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. And the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claims, or that his claims were predicated upon a new or retrospectively applicable right recognized by the United States Supreme Court since the time for filing a postconviction petition

had expired. Thus, because Ingles satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Ingles's postconviction claims on their merits.

{¶5} *Jurisdiction to correct void sentences.* A court nevertheless retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. In our decision affirming the dismissal of Ingles's 2012 postconviction petition, we held that Ingles's convictions had not been rendered void by the deficiencies in the judgments of conviction or the sentence-enhancement errors that he again claimed in his 2013 petition. *Ingles*, 1st Dist. Hamilton No. C-120238, 2013-Ohio-1460. But Ingles's sentences are void to the extent that he was not adequately notified concerning postrelease control.

{¶6} The postrelease-control statutes in effect in 1998, when Ingles was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) and (d), and 2967.28(B) and (C); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 10-11. To the extent that postrelease control is not properly imposed, a sentence is void, and the offending portion of the sentence is subject to review and correction at any time. *State v.*

3

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. *Accord Smith* at ¶ 19.

{¶7}   In sentencing Ingles, the trial court did not mention postrelease control, nor did the court incorporate postrelease-control notification in the judgments of conviction. To the extent Ingles's sentences were not imposed in conformity with the statutory mandates concerning postrelease control, they are void. And because Ingles's 2013 postconviction petition brought the matter to the common pleas court's attention, the court had jurisdiction to review and correct the offending portions of his sentences.

{¶8}   *Affirmed as modified, but remanded.*   Ingles's postconviction petition was thus subject to dismissal, because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the petition on its merits. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the petition. And we affirm the judgment as modified.

{¶9}   But Ingles's sentences are void to the extent that he was not notified concerning postrelease control. We, therefore, remand this cause for correction of the offending portions of Ingles's sentences in accordance with the law and this opinion.

Judgment accordingly.

CUNNINGHAM, P.J., DINKELACKER and FISCHER, JJ.


Please note:

The court has recorded its own entry on the date of the release of this opinion.