[Cite as *State v. Cool*, 2011-Ohio-1560.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO

    Appellee

    v.

MICHAEL E. COOL

    Appellant

C.A. Nos.     25135 & 25214

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 96 07 1775 (A)
              CR 94 03 0899

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

---

CARR, Judge.

{¶1} Appellant, Michael Cool, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and vacates in part.

I.

{¶2} Cool was convicted of a number of offenses, including aggravated robbery, multiple counts of robbery, escape, and felonious assault, among others. Cool was sentenced to prison. He has appealed and pursued other remedies, including postconviction relief. This Court affirmed his convictions in *State v. Cool* (Oct. 1, 1997), 9th Dist. No. 18148, and the denial of his petition for postconviction relief in *State v. Cool* (Oct. 13, 1999), 9th Dist. No. 19329. This Court also affirmed the denial of his motion to withdraw his guilty plea. *State v. Cool* (Mar. 22, 2000), 9th Dist. No. 19685. Cool was later granted judicial release, which he violated. He then challenged the trial court's jurisdiction, claiming that his indictment was defective because it

failed to include the required mens rea. After the trial court denied his motion, this Court affirmed. *State v. Cool*, 9th Dist. No. 24518, 2009-Ohio-4333.

**{¶3}** In 2010, Cool moved to be resentenced because of an error in his postrelease control notification. The trial court denied the motion, but later resentenced him. Cool appealed to this Court, presenting six assignments of error, five of which raised errors related to his original plea hearing or the sentencing. This Court affirms in part and vacates in part.

II.

### ASSIGNMENT OF ERROR I

"AS MR. COOL'S ORIGINAL SENTENCE WAS VOID, HIS INITIAL DIRECT APPEAL WAS ALSO INVALID. THE INSTANT APPEAL IS MR. COOL'S FIRST DIRECT APPEAL FROM A VALID SENTENCE."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT FAILED TO PROPERLY NOTIFY DEFENDANT OF THE MAXIMUM POTENTIAL SENTENCES, INCLUDING POST-RELEASE CONTROL, AT THE ORIGINAL PLEA HEARING AND THUS THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING MR. COOL'S MOTION TO VACATE GUILTY PLEA IN VIOLATION OF CRIMINAL RULES 11 AND 32.1, THE OHIO AND UNITED STATES CONSTITUTIONS."

### ASSIGNMENT OF ERROR III

"THE RESENTENCING COURT ERRED BY IMPOSING NON-MINIMUM AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION; FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON (2204), 542 U.S. 296; UNITED STATES V. BOOKER (2005), U.S. 220." (sic)

### ASSIGNMENT OF ERROR IV

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE RESENTENCING COURT'S RETROACTIVE APPLICATION OF THE OHIO SUPREME COURT'S REMEDY IN STATE V. FOSTER."

**ASSIGNMENT OF ERROR V**

"TRIAL COURT FAILED TO CREDIT MR. COOL CREDIT FOR TIME SERVED IN CONCURRENT PRISON TERMS THUS VIOLATING EQUAL PROTECTION."

**ASSIGNMENT OF ERROR VI**

"THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS WHEN THE COURT FAILED TO INFORM MR. COOL OF HIS RIGHTS TO COMPULSORY PROCESS."

**{¶4}** In his first assignment of error, Cool argues that, because his sentence was void, this is his first appeal as of his right. His remaining assignments of error flow from this initial premise. After Cool filed his brief, the Ohio Supreme Court held that an error in postrelease control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (emphasis sic.) Id. at ¶26 (footnote omitted). The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. paragraph three of the syllabus. Accordingly, Cool's sentence was not void, this is not Cool's first appeal, and res judicata applies to the errors Cool has raised in this appeal. Cool's first assignment of error is overruled.

THE RESENTENCING HEARING

**{¶5}** The trial court conducted a new hearing and resentenced Cool. This de novo resentencing hearing exceeded the scope of the trial court's jurisdiction, which, according to *Fischer*, was limited to correcting the imposition of postrelease control. To the extent the trial

court corrected the imposition of postrelease control, the trial court properly exercised its jurisdiction, and that portion of the judgment is affirmed. The remainder of the trial court's action in resentencing Cool exceeded the trial court's jurisdiction and is a nullity. Accordingly, this Court vacates the remainder of the trial court's judgment, leaving the original sentence intact.

## ASSIGNMENTS OF ERROR II THROUGH VI

**{¶6}** Because the trial court was limited to correcting the imposition of postrelease control, and Cool, "having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal." *Fischer* at ¶33. In assignments of error II through VI, Cool has raised assignments of error that are barred by res judicata. Id. at ¶36. Accordingly, these assignments or error are overruled.

## III.

**{¶7}** Cool's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and vacated in part.

Judgment affirmed in part
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.