[Cite as *State v. Stiggers*, 2011-Ohio-4225.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.  25486 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEREK SCOTT STIGGERS aka FLOWERS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.  CR 96 11 2733 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: August 24, 2011

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Derek Stiggers, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms in part and vacates in part.

I

{¶2}    In 1997, Stiggers was convicted of two counts of attempted murder, two counts of felonious assault, and one count of aggravated robbery.  This Court recalled the facts underlying this matter in Stiggers' direct appeal.  *State v. Stiggers* (Apr. 15, 1998), 9th Dist. No. 18405.  In 2007, Stiggers sought a resentencing due to an invalid post-release control notification.  In response to Stiggers' motion, the trial court issued a nunc pro tunc entry imposing a post-release control term.

{¶3}    On March 26, 2010, Stiggers filed a motion to vacate his void sentence, arguing that a trial court may not correct a void sentence by way of a nunc pro tunc entry.  The State conceded that Stiggers had a void sentence and asked the court to sentence Stiggers in

accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. The trial court held a resentencing hearing on June 16, 2010. Both Stiggers and the State asked the trial court to depart from the terms of the original sentence Stiggers received. Specifically, Stiggers asked the court to impose a lesser term than he originally received on the basis of good behavior, and the State requested an increased term, based on his continued lack of remorse. The trial court sentenced Stiggers to a lengthier prison term than he originally received and imposed five years of mandatory post-release control.

{¶4} Stiggers now appeals from his sentence and raises one assignment of error for our review.

II

Assignment of Error

"STIGGER'S (sic) DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS WERE VIOLATED WHEN THE TRIAL COURT EXCEEDED ITS SENTENCING AUTHORITY DURING HIS POST[-]RELEASE CONTROL RESENTENCING HEARING."

{¶5} In his sole assignment of error, Stiggers argues that the trial court lacked authority to take any additional action with regard to his sentence other than to properly impose post-release control. We agree.

{¶6} After the trial court imposed Stiggers' new sentence, the Supreme Court issued *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. *Fischer* dictates that an invalid post-release control notification does not taint the entirety of an offender's sentence. Instead, "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, [only] that part of the sentence is void and must be set aside." *Fischer* at ¶26. A resentencing must be limited to the imposition of post-release control. Id. at ¶27-28. Applying *Fischer*, this Court has recognized that a trial court exceeds its sentencing authority when it

conducts a de novo sentencing to correct a post-release control error. *State v. Cool*, 9th Dist. Nos. 25135 & 25214, 2011-Ohio-1560, at ¶4-6. Because resentencing is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity. Id.

{¶7} Acting without the benefit of *Fischer*, the trial court here conducted a de novo sentencing hearing at which it modified the terms of Stiggers' underlying sentence. It lacked the authority to do so. *Fischer* at ¶26-28. Yet, the post-release control portion of the court's sentencing entry is correct, and Stiggers concedes that the court properly advised him of his mandatory post-release control obligations. As such, to the extent the trial court's June 22, 2010 sentencing entry imposes post-release control upon Stiggers, it is affirmed. "The remainder of the trial court's action in resentencing [Stiggers] exceeded the trial court's jurisdiction and is a nullity. Accordingly, this Court vacates the remainder of the trial court's [June 22, 2010] judgment, leaving the original sentence intact." *Cool* at ¶5. Stiggers' sole assignment of error is sustained.

### III

{¶8} Stiggers' sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and vacated in part in accordance with the foregoing opinion.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.