[Cite as *State v. West*, 2011-Ohio-4941.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 25748 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FREDERICK C. WEST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 04 1128 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

WHITMORE, Judge.

{¶1}   Defendant-Appellant, Frederick West, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms in part and vacates in part.

I

{¶2}   In 2006, this Court affirmed West's convictions for aggravated robbery and tampering with evidence on direct appeal.  *State v. West*, 9th Dist. No. 22839, 2006-Ohio-2985. West's original sentencing entry ordered him to "pay all prosecution costs, including any fees permitted pursuant to O.R.C. 2929.18(A)(4)."  In 2010, West filed a motion to dismiss, arguing both that his sentence was void due to an invalid post-release control notification and that he could not be resentenced.  The trial court conducted a de novo resentencing in December 2010 and journalized a new sentencing entry on December 10, 2010.  The new entry orders West to pay court costs as well as his attorney fees.

{¶3} West now appeals from the trial court's sentencing entry and raises four assignments of error for our review. We consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2947.23(A)."

Assignment of Error Number Two

"DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE."

Assignment of Error Number Three

"THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST DEFENDANT AS IT LACKED JURISDICTION TO IMPOSE ANY SUCH FEES."

Assignment of Error Number Four

"DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT LACKED JURISDICTION TO IMPOSE ATTORNEY FEES."

{¶4} In his assignments of error, West argues that his sentence must be vacated because the trial court improperly imposed court costs and attorney fees against him. Specifically, he argues that: (1) the court could not impose costs without first making certain statutory notifications; and (2) the court could not impose attorney fees because it only had jurisdiction to correct the post-release control error in his original sentence. He further argues that his trial counsel was ineffective for failing to raise these arguments at the time of his resentencing. We find *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, to be dispositive in this matter.

"*Fischer* dictates that an invalid post-release control notification does not taint the entirety of an offender's sentence. Instead, 'when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, [only] that part of the sentence is void and must be set aside.' *Fischer* at ¶26. A resentencing must be limited to the imposition of post-release control. Id. at ¶27-28. *** [T]his Court has recognized that a trial court exceeds its sentencing authority when it conducts a de novo sentencing to correct a post-release control error. *State v. Cool*, 9th Dist. Nos. 25135 & 25214, 2011-Ohio-1560, at ¶4-6. Because resentencing is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity. Id." *State v. Stiggers*, 9th Dist. No. 25486, 2011-Ohio-4225, at ¶6.

In post-*Fischer* cases where a trial court has erroneously conducted a de novo resentencing to remedy a post-release control error, this Court has excised the proper post-release control notification portion of the new sentencing entry and vacated the remainder of the entry. *Cool* at ¶5.

{¶5} The trial court here conducted a de novo sentencing hearing to correct West's post-release control error. Pursuant to *Fischer*, it lacked the authority to do so. *Fischer* at ¶26-28. Yet, the post-release control portion of the court's December 2010 sentencing entry is correct, and West concedes that the court properly advised him of his mandatory post-release control obligations. Accordingly, to the extent the court's December 10, 2010 sentencing entry imposes post-release control upon West, it is affirmed. "The remainder of the trial court's action in resentencing [West] exceeded the trial court's jurisdiction and is a nullity. Accordingly, this Court vacates the remainder of the trial court's [December 10, 2010] judgment." *Cool* at ¶5. Accord *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, at ¶35-36. West's original sentence remains intact, including the order that he "pay all prosecution costs, including any fees permitted pursuant to O.R.C. 2929.18(A)(4)." To the extent that West argued in his third assignment of error that the trial court lacked jurisdiction to impose attorney fees, that

assignment of error is sustained. Based on our application of *Fischer*, his remaining assignments of error are moot and we decline to address them. App.R. 12(A)(1)(c).

III

**{¶6}** West's third assignment of error is sustained for the foregoing reasons, and his remaining assignments of error are moot. The trial court's December 10, 2010 sentencing entry is vacated with the exception of the post-release control portion of the entry. West's original sentencing entry remains valid. The judgment of the Summit County Court of Common Pleas is affirmed in part and vacated in part, consistent with the foregoing opinion.

Judgment affirmed in part,<br>and vacated in part.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.