[Cite as *State v. Wrenn*, 2011-Ohio-5640.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MARSHALL L. WRENN

    Appellant

C.A. No.      25616

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR 08 12 4016

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Marshall Wrenn, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part and vacates in part.

I

{¶2} On February 19, 2009, Wrenn was found guilty by a jury of obstructing official business, assault, and resisting arrest and ultimately pleaded guilty to robbery as well. On March 6, 2009, the trial court sentenced him to a total term of four years and eleven months in prison. On December 28, 2009, Wrenn filed a motion to terminate his sentence on the grounds that he was improperly notified of post-release control. On January 27, 2010, the trial court held a resentencing hearing to advise Wrenn of post-release control. On February 23, 2010, the trial court issued a nunc pro tunc journal entry to correct the language in the March 6, 2009 sentencing entry regarding post-release control.

{¶3}    On May 5, 2010, Wrenn moved the court for a final sentencing order, arguing that the March 6, 2009 sentencing entry was void due to additional defects in the post-release control notification.  The State conceded there was an error, and the court scheduled the matter for a hearing.  On July 12, 2010, following a new hearing, the trial court issued a sentencing entry that corrected the defects in the post-release control language, but also reduced the total length of Wrenn's sentence.

{¶4}    Wrenn now appeals from the trial court's July 12, 2010 sentencing entry and raises two assignments of error for our review.  We consolidate the assignments of error because we find *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, to be dispositive.

## II

### Assignment of Error Number One

"DEFENSE COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO CHALLENGE THE APPELLANT'S SPEEDY TRIAL RIGHTS PURSUANT TO O.R.C. § 2945.71 AND/OR THE DUE PROCESS CLAUSE IN THE FOURTEENTH AMENDMENT WITH THE SIXTEEN MONTH DELAY AFTER A HUNG JURY."

### Assignment of Error Number Two

"THE TRIAL COURT LACKED JURISDICTION TO SENTENCE APPELLANT PURSUANT TO CRIMINAL RULE 32(C)[.]"

{¶5}    In his assignments of error, Wrenn argues that his sentence should be vacated because: (1) defense counsel was ineffective when he failed to challenge Wrenn's speedy trial rights prior to the sentence imposed in July 2010; and (2) the court lost jurisdiction to sentence him when it allowed his convictions to lie dormant for more than sixteen months after his trial.  We disagree.

> "*Fischer* dictates that an invalid post-release control notification does not taint the entirety of an offender's sentence.  Instead, 'when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence,

[only] that part of the sentence is void and must be set aside.' *Fischer* at ¶26. A resentencing must be limited to the imposition of post-release control. Id. at ¶27-28. \*\*\* [T]his Court has recognized that a trial court exceeds its sentencing authority when it conducts a de novo sentencing to correct a post-release control error. *State v. Cool*, 9th Dist. Nos. 25135 & 25214, 2011-Ohio-1560, at ¶4-6. Because resentencing is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity. Id." *State v. Stiggers*, 9th Dist. No. 25486, 2011-Ohio-4225, at ¶6.

The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of post-release control." *Fischer* at ¶29. "[O]nly the offending portion[s] of the sentence is subject to review and correction." Id. at ¶27. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus. Thus, in post-*Fischer* cases where a trial court has erroneously conducted a de novo resentencing to remedy a post-release control error, this Court has excised the proper post-release control notification portion of the new sentencing entry and vacated the remainder of the entry. *Cool* at ¶5.

{¶6} In the instant case, the trial court conducted a de novo sentencing hearing to correct Wrenn's post-release control error as well as modify a portion of the sentence. Pursuant to *Fischer*, it lacked the authority to do so. *Fischer* at ¶26-28. Yet, the post-release control portion of the court's July 12, 2010 sentencing entry is correct, and Wrenn does not contest the accuracy of his mandatory post-release control notification. Therefore, "[t]he remainder of the trial court's action in resentencing [Wrenn] exceeded the trial court's jurisdiction and is a nullity. Accordingly, this Court vacates the remainder of the trial court's [July 12, 2010] judgment." *Cool* at ¶5. Accord *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, at ¶35-36.

{¶7} Pursuant to *Fischer*, Wrenn is barred from raising any issues other than defects in post-release control. Because his first assignment of error addresses issues beyond the scope of his resentencing, it is not properly before us and is overruled. With regard to his second

assignment of error, Wrenn argues that the unreasonable delay between his initial conviction and resentencing deprived the court of jurisdiction such that he could not be resentenced. He cites Crim.R. 32(C) in support of his argument.

{¶8} As a threshold matter, we note that Wrenn errs in his reliance upon Crim.R. 32(C) as the basis for his argument. Crim.R. 32(A) addresses unnecessary delay in the imposition of a sentence. Crim.R. 32(A) (requiring sentences to be "imposed without unnecessary delay"). Accordingly, Wrenn's argument actually pertains to Crim.R. 32(A), not Crim.R. 32(C). Further, this Court has held that Crim.R. 32(A) does not apply in cases where an offender must be resentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, at ¶8. Wrenn was promptly sentenced after he was found guilty. Pursuant to R.C. 2929.191(A)(1), a trial court retains jurisdiction to conduct a resentencing in order to correct defects in post-release control. Accordingly, Wrenn's argument that the court lacked jurisdiction to resentence him lacks merit. His second assignment of error is overruled.

### III

{¶9} Wrenn's assignments of error are overruled. The trial court's July 12, 2010 sentencing entry is vacated with the exception of the post-release control portion of the entry. Wrenn's original sentencing entry remains valid. The judgment of the Summit County Court of Common Pleas affirmed in part and vacated in part, consistent with the foregoing opinion.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

MARSHALL L. WRENN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.