[Cite as *State v. Singfield*, 2012-Ohio-1331.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25670 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHILLIP A. SINGFIELD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 08 09 3117 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

MOORE, Presiding Judge.

{¶1} Appellant, Phillip Singfield, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In a prior appeal, *State v. Singfield*, 9th Dist. No. 24576, 2009-Ohio-5945, this Court set forth the underlying factual and procedural history as follows:

At approximately 1:30 a.m. on July 26, 2008, Staci Smith and her cousin, Natea Proctor, drove to a bar on Newton Street. Smith parked her vehicle in the bar's lot, and she and Proctor remained in the vehicle to eat some food that they had just purchased. While they were eating, a man approached the vehicle and asked the women for a light. Subsequently, the man produced a handgun and threatened to shoot the women while he demanded their purses. Smith and Proctor handed over their purses, and the man walked away, entered a nearby car, and drove off. Smith and Proctor went to the bar and called 911 to report the incident. Both Smith and Proctor provided the police with descriptions of their assailant.

Smith later saw the man whom she believed had robbed her while riding the bus and again while walking down a street near her home. On the second occasion, Smith telephoned Proctor. Proctor, who was at Smith's house, was able to look outside and see the man. Proctor also identified him as the person who had robbed her. Smith began to follow the man and called 911. Upon their arrival,

the police arrested Singfield, the man whom both Smith and Proctor had identified as their assailant.

On October 3, 2008, a grand jury indicted Singfield on the following counts: (1) two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), both with firearm specifications, in violation of R.C. 2941.145; (2) two counts of robbery, in violation of R.C. 2911.01(A)(1)/(2), both with firearm specifications, in violation of R.C. 2941.145; (3) having a weapon while under disability, in violation of R.C. 2923.13(A)(2)/(3); (4) theft, in violation of R.C. 2913.02(A)(1)/(4); and (5) petty theft, in violation of R.C. 2913.02(A)(1)/(4). The matter proceeded to a jury trial and, on December 15, 2008, the jury found Singfield guilty on all counts and the specifications linked to those counts. On December 16, 2008, the trial court orally sentenced Singfield, including a prison term for each specification, to a total sentence of fourteen years.

On December 22, 2008, Singfield filed a motion to modify his sentence, arguing that his firearms specifications were allied offenses for which the trial court should not have imposed separate sentences upon him. The trial court held a hearing on the motion and issued another oral sentence. The trial court: (1) merged Singfield's sentences for his two counts of robbery with firearm specifications with his counts for theft and petty theft; (2) increased his two aggravated robbery sentences by one year each and ordered them to run consecutively for a total period of ten years; (3) issued three year sentences on each of the two firearm specifications attached to Singfield's two aggravated robbery convictions, ordering them to run concurrently with one another but consecutively with the sentence for aggravated robbery; and (4) ordered a one year consecutive sentence for having a weapon while under disability. Accordingly, Singfield still received a total sentence of fourteen years. The court journalized Singfield's sentence on December 29, 2008.

Singfield appealed, and this Court affirmed the judgment of the trial court in part and reversed it in part. *State v. Singfield*, 9th Dist. No. 24576, 2009-Ohio-4172. In reversing in part, this Court reversed Singfield's convictions for aggravated robbery and their attendant specifications because his indictment did not include the mens rea of recklessness with regard to aggravated robbery's deadly weapon element. *Id*. at ¶ 17-18. On August 27, 2009, the State filed an application for reconsideration. On October 7, 2009 we granted the State's application, vacated our decision, and reinstated Singfield's appeal.

*Id.* at ¶ 2-6. On reconsideration, this Court affirmed Singfield's convictions.

{¶3} On April 15, 2010, Singfield filed a "Criminal Rule 47 Motion for Correction of Judgment" contending that his judgment of conviction was not a final order because it failed to properly address postrelease control and failed to state the manner of conviction. On May 28,

2010, Singfield filed a motion to dismiss the indictment because it did not contain the elements of mental culpability. The trial court held a hearing on the motions on September 30, 2010. The trial court denied the motion to dismiss the indictment on October 5, 2010. The trial court issued a judgment entry on October 19, 2010 purporting to reimpose Singfield's original sentence, properly notify Singfield of postrelease control, and state the manner of conviction.

{¶4}     Singfield timely filed a notice of appeal from the October 19, 2010 judgment entry. He raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

[] SINGFIELD'S INDICTMENT WAS DEFECTIVE UNDER THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, AS THE STATE FAILED TO INCLUDE A MENTAL CULPABILITY ELEMENT TO THE THEFT ELEMENT OF AGGRAVATED ROBBERY, EITHER IN THE INDICTMENT, OR AT TRIAL.

{¶5}     In his sole assignment of error, Singfield argues that his indictment was defective under the Ohio Constitution because it failed to state the element of mental culpability.

{¶6}     Before we address Singfield's assignment of error, we must first address the scope of the resentencing hearing. Singfield is appealing the October 19, 2010 entry correcting the original sentencing entry that failed to comport with Crim.R. 32(C) and also failed to properly notify him of postrelease control. We will address each deficiency separately.

Postrelease Control

{¶7}     "The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph four of the syllabus. Res judicata still applies to other aspects of the merits of the conviction. *Id.* at paragraph three of the syllabus.

Thus, according to *Fischer*, the only issues subject to review are those arising at the resentencing, specifically those involving the postrelease-control notification. *Id.* at paragraph two of the syllabus. Because the trial court exceeded its authority when it attempted to resentence Singfield on aspects of his sentence that did not relate to postrelease control and were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control. Singfield's original sentence remains in effect, as does the portion of the appealed resentencing judgment that addresses postrelease control.

{¶8} Because Singfield has already had the benefit of one direct appeal, res judicata precludes him from re-appealing the merits of his conviction following the trial court's correction of the postrelease control error. *Id.* at ¶ 33-36. Accordingly, we decline to address the merits of his arguments in this assignment of error as they pertain to the merits of the underlying conviction.

Crim.R. 32(C)/*Baker*

{¶9} With respect to the trial court's correction of the Crim.R. 32(C) defect, the Ohio Supreme Court has held that a trial court's failure to include the manner of a defendant's conviction in a sentencing entry constitutes a technical failure to comply with Crim.R. 32(C) and amounts to a clerical error. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 19. The remedy for a clerical error in a sentencing entry is not a new sentencing hearing. *Id*. at ¶ 18. Rather, the appropriate remedy for such an error is a nunc pro tunc sentencing entry reflecting the correction. *Id*. at ¶ 17-23. Because the trial court failed to issue a nunc pro tunc entry to correct the original sentencing entry's omission of the manner of conviction, we remand the matter to the trial court to issue a nunc pro tunc entry as contemplated in *Baker* and *Burge*.

*State v. Pettyjohn*, 9th Dist. No. 10CA009777, 2011-Ohio-4461, ¶ 7, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 19; *Burge* at ¶ 16-23.

{¶10}  Accordingly, we do not reach the merits of Singfield's assignment of error.

III.

{¶11}  Because the trial court exceeded its authority when it attempted to resentence Singfield on aspects of his sentence that were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control.  Singfield's original concurrent sentences remain intact, as does the portion of the appealed resentencing judgment that addresses postrelease control.  Further, we remand the matter to the trial court to issue a nunc pro tunc entry.

Judgment affirmed in part,
vacated in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

EDWIN C. PIERCE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.