[Cite as *State v. Banks*, 2012-Ohio-1323.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25969 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE BANKS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 07 12 4217 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

CARR, Judge.

{¶1}   Appellant, Clarence Banks, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   This case arises out of an incident which transpired on December 10, 2007.  The substantive facts of the incident are set forth in this Court's prior decision.  *State v. Banks*, 9th Dist. No. 24259, 2008-Ohio-6432.

{¶3}   On December 27, 2007, Banks was indicted by the Summit County Grand Jury on one count of kidnapping in violation of R.C. 2905.01(A)(2)/(3)/(4), a felony of the first degree; one count of intimidation of a crime victim or witness in violation of R.C. 2921.04(B), a felony of the third degree; two counts of domestic violence in violation of R.C. 2919.25(A) and (C), a felony of the third degree and a misdemeanor of the first degree; two counts of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third

degree and a felony of the fourth degree; grand theft in violation of R.C. 2913.02(A)(1)/(2)/(4), a felony of the fourth degree; driving under suspension in violation of R.C. 4510.11, a misdemeanor of the first degree; and three minor misdemeanor traffic violations.

{¶4} On March 12, 2008, the State amended the kidnapping charge to a charge of robbery in violation of R.C. 2911.02(A)(2). Banks subsequently pleaded guilty to robbery and all other charges listed in the original indictment. On April 30, 2008, Banks was sentenced to a total of 14 years in prison. The trial court issued its sentencing entry on May 12, 2008. Banks filed a timely appeal to this Court. His convictions were affirmed on December 10, 2008.

{¶5} On October 6, 2010, Banks filed a motion to withdraw his guilty pleas. The motion was denied by the trial court on November 24, 2010. Banks filed a motion for reduction of sentence on February 10, 2011. The trial court denied the motion on March 7, 2011.

{¶6} Subsequently, Banks filed a motion for resentencing on April 1, 2011. On April 7, 2011, the State responded that while there had been a mistake in the imposition of post-release control, the remaining portions of the sentence were valid and remained in place pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶7} On April 15, 2011, the trial court ordered that Banks be returned for resentencing on May 16, 2011. Banks then filed a motion to withdraw his pleas on April 26, 2011. On May 16, 2011, the trial court continued the hearing to May 23, 2011. On May 23, 2011, the trial court corrected the error in the imposition of post-release control, and its sentencing entry was journalized on May 25, 2011.

{¶8} Banks filed a notice of appeal on June 6, 2011. On appeal, he raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE COURT ERRED IN DENYING MR. BANKS' MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING[.]

## ASSIGNMENT OF ERROR II

THE COURT ERRED IN SENTENCING MR. BANKS UPON ALLIED OFFENSES OF SIMILAR IMPORT[.]

**{¶9}** In his first assignment error, Banks argues that trial court erred in denying his motion to withdraw his plea without conducting a hearing. In his second assignment of error, Banks argues that the trial court erred in sentencing him on allied offenses of similar import. This Court disagrees with both contentions.

**{¶10}** The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id*. at ¶ 26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." *Id*. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." *Id*. at ¶ 29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at paragraph three of the syllabus. Furthermore, the scope of an appeal from a resentencing hearing in which a mandatory term of post-release control is imposed is limited to issues arising at the resentencing hearing. *Id*. at paragraph four of the syllabus.

**{¶11}** The substantive issues Banks raises in his assignments of error are not properly before this Court for consideration. The scope of Banks' resentencing hearing was limited to the proper imposition of post-release control. *Fischer* at ¶ 29. Thus, his resentencing hearing was not the proper venue to raise a challenge pertaining to the validity of his plea. Moreover, the trial court was without jurisdiction to consider Banks' motion to withdraw his plea filed on April 26, 2011, the second such motion he had filed since the time of his direct appeal, because his convictions had previously been affirmed by this Court on direct appeal. *State ex. rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98. Banks is also barred from raising a challenge to his underlying sentence. After Banks was initially sentenced on April 30, 2008, he appealed to this Court and argued, among other things, that he was convicted and sentenced on allied offenses of similar import. This Court affirmed the trial court's judgment on December 10, 2008. *State v. Banks*, 9th Dist. No. 24259, 2008-Ohio-6432. Banks currently appeals from the trial court's May 25, 2011 entry which corrected an error in the imposition of post-release control. Under *Fischer*, the failure of a trial court judge to properly impose statutorily mandated post-release control results in "that *part* of the sentence" being void. *Id*. at ¶ 26. Here, the doctrine of res judicata applies to the other aspects of Banks' conviction, including the determination of guilt and the lawful elements of the original sentence. *Id*. at paragraph three of the syllabus. As Banks was afforded an opportunity to raise the allied offenses issue in his previous appeal, he is now barred under *Fischer* from re-litigating that issue in a subsequent action.

**{¶12}** Banks' assignments of error are overruled.

III.

{¶13}  Banks' assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

TODD M. CONNELL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, an RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.