[Cite as *State v. McDay*, 2012-Ohio-3786.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

OTIS J. MCDAY

    Appellant

C.A. No.     25751

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1998 10 2486 (L)

DECISION AND JOURNAL ENTRY

Dated: August 22, 2012

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Otis McDay, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part and vacates in part.

I.

{¶2} In 1999, a jury found Mr. McDay guilty of engaging in a pattern of corrupt activity and conspiring to engage in a pattern of corrupt activity. The trial court sentenced Mr. McDay to consecutive prison terms for a total of eleven years in prison. Mr. McDay appealed, and this Court affirmed his convictions. *State v. McDay*, 9th Dist. No. 19610, 2000 WL 1349804 (Sept. 20, 2000). In 2004, the trial court granted Mr. McDay's motion for judicial release, suspended the remainder of his sentence, and subjected him to two years of community control. Mr. McDay ultimately violated the conditions of his community control and pleaded guilty to the violation in 2007, at which time the court reimposed the remainder of his prison sentence.

{¶3} Apart from the aforementioned sentencing entries, the trial court also issued a sentencing entry on April 27, 1999. The April 27th entry indicated that Mr. McDay had pleaded guilty to robbery and sentenced him to two years in prison for that crime. Mr. McDay, however, was never indicted for robbery in this criminal case (Criminal Case No. CR 98-10-2486(L)). Even so, Mr. McDay never appealed from the April 27th sentencing entry.

{¶4} In 2010, Mr. McDay filed a motion for resentencing, arguing that his sentence was void due to an error in his post-release control notification. He also filed a motion to consolidate requesting that the court (1) vacate the April 27th sentencing entry that convicted him of robbery, and (2) merge his convictions for engaging in and conspiring to engage in a pattern of corrupt activity as allied offenses of similar import. The trial court conducted a hearing on both motions.

{¶5} At the hearing, the trial court indicated that it was performing a de novo resentencing because the post-release control error in Mr. McDay's sentence caused his sentence to be void. The trial court determined that Mr. McDay's corrupt activity charges were not allied offenses of similar import and imposed the same sentence on each of those counts that Mr. McDay previously had received. The court also acknowledged that Mr. McDay was never charged with robbery and never should have been sentenced on a charge of robbery. Nevertheless, the trial court did not vacate the April 27, 1999 entry that sentenced Mr. McDay on the robbery charge. The court simply issued a new sentencing entry that did not include the robbery charge. That sentencing entry set forth Mr. McDay's prison terms for his corrupt activity charges and properly sentenced him to post-release control.

{¶6} Mr. McDay appealed from the trial court's sentencing entry and his appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). This Court

independently reviewed the record and determined that there were two arguable issues for appeal: the de novo resentencing the trial court conducted and the viability of the April 27, 1999 sentencing entry. Accordingly, we granted appellate counsel's motion to withdraw and appointed new appellate counsel. *State v. McDay*, 9th Dist. No. 25751 (Dec. 30, 2011).

{¶7} Mr. McDay's appeal is now before this Court and he raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT VIOLATED MR. MCDAY'S RIGHTS UNDER THE OHIO CONSTITUTION AND COMMITTED REVERSIBLE ERROR WHEN IT RE-IMPOSED CONSECUTIVE SENTENCES THAT EXCEEDED THE MAXIMUM PENALTY FOR THE MOST SERIOUS OF [MR.] MCDAY'S OFFENSES, WHEN THE CRIMES WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶8} In his sole assignment of error, Mr. McDay argues that the court erred by conducting a de novo resentencing hearing, sentencing him to allied offenses of similar import, and failing to address the sentencing entry issued on April 27, 1999. We agree, in part.

{¶9} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court held that a defective post-release control notification results in a partially void sentence in that only the post-release control portion of the sentence is void. *Fischer* at ¶ 26. Because the remainder of a defendant's sentence is not void as a result of any post-release control defect, a trial court's jurisdiction in resentencing a defendant is limited. *State v. West*, 9th Dist. No. 25748, 2011-Ohio-4941, ¶ 4-5. The trial court must conduct a new sentencing hearing, but the hearing must be "limited to [the] proper imposition of post[-]release control." *Fischer* at paragraph two of the syllabus. "[A]ny additional action taken by the trial court with respect to the sentence is a nullity." *State v. Stiggers*, 9th Dist. No. 25486, 2011-Ohio-4225, ¶ 6.

Moreover, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. An appeal from the resentencing will be "limited to issues arising at the resentencing hearing." *Id.* at paragraph four of the syllabus. "[W]here a trial court has erroneously conducted a de novo resentencing to remedy a post-release control error, this Court has excised the proper post-release control notification portion of the new sentencing entry and vacated the remainder of the entry." *State v. Wrenn*, 9th Dist. No. 25616, 2011-Ohio-5640, ¶ 5.

{¶10} Acting without the benefit of *Fischer*, the trial court here conducted a de novo sentencing hearing when it lacked the authority to do so. *Stiggers* at ¶ 7. Because only the post-release control portion of Mr. McDay's sentence was void, the trial court only had the authority to correct that portion of his sentence. *Fischer* at ¶ 26-27; *Stiggers* at ¶ 6-7. The record reflects that the trial court correctly imposed post-release control upon Mr. McDay in its December 6, 2010 sentencing entry. To that extent, the entry is affirmed. "The remainder of the trial court's action in resentencing [Mr. McDay] exceeded the trial court's jurisdiction and is a nullity. Accordingly, this Court vacates the remainder of the trial court's [December 6, 2010] judgment[.]" *State v. Powell*, 9th Dist. No. 25453, 2011-Ohio-4935, ¶ 5 quoting *State v. Cool*, 9th Dist. Nos. 25135 & 25214, 2011-Ohio-1560, ¶ 5.

{¶11} Mr. McDay is correct in his assertion that the trial court erred by conducting a de novo resentencing hearing. As discussed, the trial court's authority was limited to the correction of the post-release control error. The trial court's error in conducting a de novo resentencing, however, is harmless as this Court has vacated the entirety of the court's resentencing entry, save the portion imposing post-release control. *See* Crim.R. 52(A).

**{¶12}** As for Mr. McDay's argument that the trial court erred by sentencing him to allied offenses of similar import, that argument is barred by res judicata. The trial court sentenced Mr. McDay on both of his corrupt activity counts in its original sentencing entry, and Mr. McDay did not raise the issue of allied offenses on appeal. *See McDay*, 2000 WL 1349804, at *1-7. The doctrine of res judicata precludes him from doing so now. *State v. Banks*, 9th Dist. No. 25969, 2012-Ohio-1323, ¶ 11; *Fischer* at paragraph three of the syllabus.

**{¶13}** Finally, Mr. McDay is correct in his assertion that the April 27, 1999 entry cannot stand. "[F]elony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *State v. Hobbs*, 9th Dist. No. 25379, 2011-Ohio-3192, ¶ 25, quoting *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). Mr. McDay's indictment in the instant matter does not contain a charge for robbery. Because the grand jury in this case never indicted Mr. McDay for robbery, the trial court lacked subject matter jurisdiction to sentence him to robbery on April 27, 1999. *See Click* at 89. Moreover, although Mr. McDay never sought to invalidate the April 27, 1999 entry before now, "a challenge based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings." *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, ¶ 8. This is because "[a] judgment rendered by a court lacking subject-matter jurisdiction is void ab initio." *State v. Kolvek*, 9th Dist. Nos. 22966 & 22967, 2006-Ohio-3113, ¶ 7, quoting *Coey v. Dave Gill Pontiac-GMC, Inc.*, 10th Dist. No. 04AP-432, 2005-Ohio-464, ¶ 12. As the trial court lacked subject matter jurisdiction to sentence Mr. McDay to robbery, its April 27, 1999 sentence to that effect is void and is vacated. Mr. McDay's sole assignment of error is sustained in part and overruled in part.

III.

**{¶14}** Mr. McDay's sole assignment of error is sustained in part and overruled in part. The trial court's April 27, 1999 sentencing entry is vacated. The court's December 6, 2010 sentencing entry is vacated with the exception of the post-release control portion of the entry. Mr. McDay's original sentencing entries, dated April 23, 1999, and October 11, 2007, remain valid. The judgment of the Summit County Court of Common Pleas is affirmed in part and vacated in part, consistent with the foregoing opinion.

Judgment affirmed in part,<br>and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

BRIAN M. ASHTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.