[Cite as *State v. Heina*, 2012-Ohio-4200.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF MEDINA | )ss: )  | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No. 11CA0100-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEAN HEINA | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 99CR0012 |

DECISION AND JOURNAL ENTRY

Dated: September 17, 2012

BELFANCE, Judge.

{¶1} Dean Heina appeals from the trial court's imposition of post-release control. For the reasons set forth below, we affirm in part and vacate in part.

I.

{¶2} In 1999, Mr. Heina pleaded guilty to involuntary manslaughter and kidnapping, and the trial court sentenced him to 19 years in prison. Approximately nine months later, Mr. Heina sought leave to file a delayed appeal, which this Court denied. He subsequently moved to withdraw his guilty plea, but the trial court denied his motion. Mr. Heina appealed the trial court's denial of his motion to withdraw, but his appeal was dismissed for failure to comply with the local rules.

{¶3} In 2010, Mr. Heina was resentenced to correct an error in the imposition of post-release control. He has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE IMPOSITION OF THE DOCTRINE OF "RES JUDICATA" AS IT RELATES TO MATTERS OTHER THAN RE-SENTENCING TO CORRECT THE POST[-]RELEASE CONTROL PORTION OF THE DEFENDANT'S SENTENCE DENIES THE DEFENDANT A RIGHT OF APPEAL TO THE RE-IMPOSITION OF HIS ORIGINAL SENTENCE WHICH IS CONTRARY TO LAW.

{¶4} Mr. Heina argues that the Supreme Court of Ohio's holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, denies him his right to appeal his resentencing. However, as this Court has repeatedly noted, *Fischer* clarified that, when a trial court improperly imposes post-release control, only that portion of a defendant's sentence is void, and, therefore, the trial court only has authority to properly impose post-release control at the defendant's resentencing hearing. *See, e.g., State v. McDay,* 9th Dist. No. 25751, 2012-Ohio-3786, ¶ 10. *See also Fischer* at ¶ 27, paragraph two of the syllabus. Accordingly, to the extent the trial court resentenced Mr. Heina when it reimposed his original prison sentence, that portion of its judgment is void must be vacated. *McDay* at ¶ 10. Thus, the fact that Mr. Heina's appeal is limited to issues arising from the imposition of post-release control, *see Fischer* at paragraph four of the syllabus, does not constitute a denial of his right to appeal his sentence because he already had the opportunity to appeal his sentence when it was originally imposed in 1999.

{¶5} Accordingly, Mr. Heina's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE SENTENCING COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR DEFENDANT'S KIDNAPPING AND INVOLUNTARY MANSLAUGHTER PURSUANT TO AN AGREED PLEA AGREEMENT, WHERE THOSE KIDNAPPING AND INVOLUNTARY MANSLAUGHTER OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT WHICH MERGED FOR PURPOSES OF SENTENCING PURSUANT TO R.C. 2941.25.

**{¶6}** In Mr. Heina's second assignment of error, he argues that the trial court erred when it did not merge his convictions for kidnapping and involuntary manslaughter. However, this portion of Mr. Heina's original sentence was not void, and, therefore, his assigned error is barred by res judicata because he could have raised this issue on direct appeal from his convictions. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. *See also State v. Singfield*, 9th Dist. No. 25670, 2012-Ohio-1331, ¶ 7-8.

**{¶7}** Accordingly, Mr. Heina's second assignment of error is overruled.

### III.

**{¶8}** Mr. Heina's assignments of error are overruled. To the extent the trial court imposed post-release control, its judgment is affirmed. However, to the extent the trial court reimposed Mr. Heina's original sentence, it was without authority to do so, and, therefore, that portion of its judgment is vacated. *See McDay*, 2012-Ohio-3786, at ¶ 10.

Judgment affirmed in part,
and vacated in part.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

FRANK C. GASPER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.