[Cite as *State v. Dahms*, 2018-Ohio-349.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  13-17-23

      v.

JEFFREY B. DAHMS,                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 15 CR 0163

Judgment Affirmed

Date of Decision:   January 29, 2018

APPEARANCES:

    *Alex K. Treece* for Appellant

    *Stephanie J. Kiser* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Jeffrey B. Dahms ("Dahms"), brings this appeal from the July 10, 2017, judgment of the Seneca County Common Pleas Court "resentencing" Dahms after this Court determined on a direct appeal that Dahms received an improper post-release control notification regarding one of his convictions. His convictions and his sentence were affirmed in all other respects. *State v. Dahms*, 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221. On appeal, Dahms now argues that the trial court failed to make the proper findings to sentence him to consecutive sentences pursuant to R.C. 2929.14(C)(4) at the "resentencing" hearing, and that his speedy trial rights were violated in the original proceeding.

*Relevant Facts and Procedural History*

{¶2} Dahms was convicted by a jury of Breaking and Entering in violation of R.C. 2911.13(A), a felony of the fifth degree, Bribery in violation of R.C. 2921.02(C), a felony of the third degree, Intimidation of a Witness in a Criminal Case in violation of R.C. 2921.04(B)(2), a felony of the third degree, and Attempted Complicity to Tampering with Evidence in violation of R.C. 2923.02(A), 2923.03(A)(1), and R.C. 2921.12(A)(1), a felony of the fourth degree.

{¶3} Dahms appealed his convictions and sentence to this Court in *State v. Dahms*, 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221, arguing that, *inter alia*, his convictions were against the manifest weight of the evidence, that he received

ineffective assistance of trial counsel for his counsel's purported failure to assert that his right to a speedy trial had been violated, that the State failed to disclose exculpatory evidence, and that the trial court gave improper post-release control notifications. We sustained Dahms's assignment of error related to post-release control, finding that one of the notifications was inaccurate. However, we thoroughly analyzed and addressed the remainder of Dahms's arguments and his assignments of error were overruled in all other respects. We then remanded the case to the trial court for further proceedings consistent with our opinion.

{¶4} On July 10, 2017, the trial court held a "resentencing hearing" to comply with our remand in order to properly notify Dahms regarding post-release control. Despite this limited remand, the trial court stated that it would proceed as though "it is a new sentencing." (Tr. at 2). The trial court then gave the State and the defense the opportunity to make a statement but neither elected to do so. Afterward, the trial court then proceeded to "reimpose" the same sentence it had already previously imposed—which was affirmed on appeal—only this time with the proper post-release control notification. A judgment entry of "re-sentence" was filed July 10, 2017, containing the proper post-release control notification. It is from this judgment that Dahms appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it imposed maximum consecutive sentences as it did not make the required findings under R.C. 2929.14(C)(4) and the record did not contain sufficient evidence to support such findings.**

**Assignment of Error No. 2**
**The trial court violated the Defendant/Appellant's right to fair and speedy trial in violation under the Sixth, and Fourteenth Amendments to the United States Constitution and Article I, section 10 of the Constitution of the State of Ohio.**

{¶5} Due to the nature of the discussion and disposition we elect to address the assignments of error together.

*First and Second Assignments of Error*

{¶6} In his first assignment of error, Dahms argues that the trial court did not make the required findings upon "resentencing" to impose consecutive sentences. In Dahms's second assignment of error, he argues that his right to a speedy trial was violated in the original proceeding.

{¶7} Before we address Dahms's assignments of error we must emphasize that Dahms already had a direct appeal and in that direct appeal his assignments of error were overruled with the limited exception of one post-release control notification that needed to be corrected. In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Supreme Court of Ohio indicated that an invalid post-release control notification does not taint the entirety of an offender's sentence. Instead, "when a judge fails to impose statutorily mandated post[-]release control as part of

a defendant's sentence, [only] that *part* of the sentence is void and must be set aside." (Emphasis sic). *Fischer* at ¶ 26. Thus a resentencing for an improper post-release control notification "must be limited to the imposition of post-release control." *State v. Stiggers*, 9th Dist. Summit No. 25486, 2011-Ohio-4225, ¶ 6, citing *Fischer* at ¶ 27–28.

{¶8} Courts have recognized "that a trial court exceeds its sentencing authority when it conducts a[n entire] de novo [re]sentencing to correct a post-release control error * * * [b]ecause resentencing [under those circumstances] is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity." *Stiggers* at ¶ 7, citing *State v. Cool,* 9th Dist. Summit Nos. 25135, 25214, 2011-Ohio-1560, ¶¶ 4-6.

{¶9} Here, Dahms's case was remanded to the trial court *only* for proper notification regarding post-release control. His convictions and sentence were affirmed on direct appeal in all other aspects. Under cases like *Stiggers*, any additional action taken by the trial court at that time was mere surplusage and was a nullity. Thus his first assignment of error is overruled as the trial court had only limited jurisdiction.

{¶10} As to Dahms's second assignment of error regarding speedy trial, Dahms actually already made an argument regarding speedy trial in his direct appeal through an ineffective assistance of counsel claim. This argument is thus now

barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that "was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. As Dahms's claims related to his second assignment of error are barred by res judicata, his second assignment of error is overruled.

### *Conclusion*

{**¶11**} For the foregoing reasons the assignments of error are overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**