[Cite as *State v. Fisher*, 2018-Ohio-2439.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

            CASE NO. 14-17-09

    PLAINTIFF-APPELLEE,

    v.

JERROD K. FISHER,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2016-CR-0099

Judgment Affirmed

Date of Decision:  June 25, 2018

APPEARANCES:

    *Jerrod K. Fisher*, Appellant

    *Rick Rodger* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Jerrod K. Fisher ("Fisher") appeals the judgment of the Union County Court of Common Pleas, claiming the trial court failed to apply jail time credit to his prison sentences. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Fisher was a criminal defendant in two different cases in Union County. In case number 16-CR-0099, Fisher pled guilty to one count of possessing criminal tools in violation of R.C. 2923.24(A), 2923.24(C) and one count of involuntary manslaughter in violation of R.C. 2903.04(A), 2903.04(C). On September 6, 2016, the trial court sentenced Fisher to a ten-month prison sentence for his conviction for possessing criminal tools and a seven-year sentence for his conviction for involuntary manslaughter. Doc. 43. These prison terms were imposed consecutively. Doc. 43. No jail time credit was applied to these prison sentences in this judgment entry. Doc. 43. In case number 16-CR-0096, Fisher pled guilty to two counts of trafficking in heroin. Doc. 50. On March 3, 2017, the trial court sentenced Fisher and applied 133 days of jail time credit in this sentencing entry. Doc. 50.

{¶3} On September 8, 2017, Fisher submitted a motion for jail time credit in which he claimed that he was entitled to 139 days of jail time credit in case 16-CR-0099. The State opposed this motion on the grounds that Fisher's jail time credit

was applied to the sentence imposed in case 16-CR-0096. The State argued that applying jail time credit in case 16-CR-0099 would give him double the credit that he had accrued. On September 25, 2017, the trial court found that Fisher was entitled to a total of 139 days of jail time credit; that Fisher had been given a total of 133 days of jail time credit in case 16-CR-0096; and that Fisher was, therefore, entitled to six more days of jail time credit. Thus, the trial court overruled Fisher's motion in part and sustained this motion in part, applying a total of six additional days of jail time credit to Fisher in case 16-CR-0099.

*Assignment of Error*

{¶4} Appellant filed his notice of appeal on October 6, 2017. On appeal, appellant raises the following assignment of error:

> **The record in this matter does not support the imposition of jail time credit pursuant to state law, R.C. 2967.191.**

In his brief, Fisher argues that the trial court's decision not to apply 133 days of jail time credit in case 16-CR-0099 was fundamentally unfair.

*Legal Standard*

{¶5} Under R.C. 2967.191,

> **The department of rehabilitation and correction shall reduce the stated prison term of a prisoner \* \* \* by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial \* \* \*.**

R.C. 2967.191. "The Adult Parole Authority has the duty to grant jail time credit, however, 'the trial court has the duty to properly calculate the number of days to be credited.'" *State v. Duaghenbaugh*, 3d Dist. Wyandot No. 16-09-05, 2009-Ohio-3823, ¶ 17, quoting *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶ 9.

{¶6} The doctrine of res judicata holds that

**a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that 'was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'**

*State v. Dahms*, 3d Dist. Seneca No. 13-17-23, 2018-Ohio-349, ¶ 10, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**'[T]he doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit.' '[A] defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation.' However, 'if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court.'**

(Citations omitted.) *State v. Britton*, 3d Dist. Defiance Nos. 4-12-13, 4-12-14, and 4-12-15, 2013-Ohio-1008, ¶ 14.

*Legal Analysis*

{¶7} In this case, Fisher submitted a motion on September 8, 2017, in which he requested a total of 139 days of jail time credit be applied to his sentence. This

motion was submitted after the window had closed for filing a direct appeal. However, this motion raised questions regarding the mathematical calculation of jail time credit. The trial court determined that the prior calculation failed to account for six days of jail time credit and, therefore, applied six days of jail time credit to Fisher's sentence. On appeal, however, Fisher does not challenge the trial court's mathematical calculation of jail time credit. Rather, Fisher challenges the fundamental fairness of the trial court's application of jail time credit in this case. Fisher's arguments address legal issues that could have been raised on direct appeal. Thus, the arguments raised in this appeal are barred by res judicata. For this reason, Fisher's sole assignment of error is overruled.

*Conclusion*

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**